Filed 9/9/25  P. v. Verrett CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C098698 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-CR-FE-2018-006292) |
| v. | |
| DAMIEN VERRETT, | OPINION ON TRANSFER |
| Defendant and Appellant. | |

Defendant Damien Verrett appeals from the denial of his resentencing petition brought pursuant to Penal Code[1] section 1172.6.  Defendant argues the trial court improperly relied on the preliminary hearing transcript and a firearm enhancement to find him ineligible for resentencing.  In our prior unpublished opinion (*People v. Verrett* (May 30, 2024, C098698) [nonpub. opn.]), we agreed with defendant that the trial court erred in relying on the preliminary hearing transcript, reversed the order denying his

---

[1]     Undesignated statutory references are to the Penal Code.  Defendant's petition references section 1170.95, the prior version of the statute.  But at the time defendant filed the petition, the Legislature had already renumbered former section 1170.95 as section 1172.6 without substantive change.  (Stats. 2022, ch. 58, § 10.)  We cite to section 1172.6 throughout this opinion.

1

petition, and remanded for the trial court to issue an order to show cause and conduct further proceedings under section 1172.6.

The California Supreme Court granted review and transferred the matter back to us with directions to vacate our opinion and reconsider the cause in light of *People v. Patton* (2025) 17 Cal.5th 549 (*Patton*). Having done so, we now conclude that the record of conviction establishes defendant is ineligible for relief and thus affirm the trial court's order denying defendant's section 1172.6 petition.

BACKGROUND

In 2018, an information charged defendant with attempted murder (§§ 664, 187, subd. (a)), assault with a semiautomatic firearm (§ 245, subd. (b)), being a prohibited person in possession of a firearm (§ 29800, subd. (a)(1)), and being a prohibited person in possession of ammunition (§ 30305, subd. (a)(1)). As to the attempted murder, the information alleged defendant personally and intentionally discharged a firearm causing great bodily injury (§ 12022.53, subd. (d)). As to the assault, the information alleged defendant personally used a firearm (§ 12022.5, subd. (a)) and personally inflicted great bodily injury (§ 12022.7, subd. (a)).

At the preliminary hearing, T.S.[2] testified that on May 14, 2018, she and the victim went to an apartment to check on the victim's son. According to the witness, the victim and defendant were "having words towards each other" at the apartment. Shortly after this exchange, defendant shot the victim multiple times. A surveillance video of the shooting was played at the preliminary hearing, and T.S. identified the shooter in the video as defendant.

Defendant pled no contest to attempted murder (§§ 664, 187, subd. (a)) with no willful, deliberate, and premeditated allegation, and admitted to personally using a

---

[2] To protect her privacy, we refer to the witness by her initials. (Cal. Rules of Court, rule 8.90(b)(10).)

2

firearm in committing the offense (§ 12022.53, subd. (b)). During the plea colloquy, the trial court asked the parties if they "[s]tip to the prelim," which they did. The court sentenced defendant to 17 years imprisonment, comprised of seven years (the middle term) for the attempted murder and 10 years for the firearm enhancement.

In 2022, defendant petitioned for resentencing pursuant to section 1172.6. On a pre-printed form, he checked boxes next to statements indicating he met the statutory conditions for relief. The People opposed the petition, contending that defendant was ineligible for relief because, based on the preliminary hearing transcript and defendant's admission to personally using a firearm, defendant was the sole and direct perpetrator of the attempted murder. In reply, defendant argued that: (1) the firearm enhancement did not mean he was the "actual killer"; and (2) the trial court could not rely on the preliminary hearing transcript to deny him relief at the prima facie stage.

The trial court denied defendant's petition, concluding he did not establish prima facie entitlement to relief. The court explained: "[I]n this case there was a prelim, witnesses testified to the conduct of the defendant, and at the time of the plea the defense stipulated that there was a factual basis, not a theoretical basis, for the attempted murder charge, as well as the personal use of a gun, and I feel that . . . the gun enhancement in a case where there is a single shooter, where it is alleged that the gun was used and then admitted that he used the gun to commit the attempted murder, not as part of a conspiracy but as the sole actor, that the court can use the fact that there is a plea, that transcript, and the preliminary hearing, to make those factual findings at this stage. [¶] . . . [¶] . . . [S]o in this case I don't think the petitioner has established a prima facie case for relief. The record of conviction shows that he was the direct perpetrator of the attempted murder and that he personally and intentionally discharged a firearm, and for that reason I'm going to deny the petition."

Defendant timely appealed.

DISCUSSION

Defendant argues the trial court improperly relied on the preliminary hearing transcript and the firearm enhancement to deny his section 1172.6 petition. In our prior opinion, we agreed with defendant that the court erred in relying on the preliminary hearing transcript. The California Supreme Court granted review and transferred the matter back to us with directions to vacate our opinion and reconsider the cause in light of its recent decision in *Patton, supra*, 17 Cal.5th 549. We vacated our prior decision. Neither party submitted additional briefing addressing "matters arising after the previous Court of Appeal decision in the cause." (Cal. Rules of Court, rule 8.200(b)(2).)

Senate Bill No. 1437 (2017-2018 Reg. Sess.) amended "the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill also created, in what is now section 1172.6, a mechanism for individuals convicted of qualifying offenses to petition for resentencing. Effective January 1, 2022, Senate Bill No. 775 (2021-2022 Reg. Sess.) amended section 1172.6 to expand its coverage beyond those convicted of murder to include individuals convicted of "attempted murder under the natural and probable consequences doctrine . . . ." (Stats. 2021, ch. 551, § 2; § 1172.6, subd. (a).)

Under the natural and probable consequences doctrine, a defendant who is not the actual perpetrator of the attempted murder can be held liable for an attempted murder "committed by [a] confederate" if it was a natural and probable consequence of that defendant's intended crime. (*People v. Prettyman* (1996) 14 Cal.4th 248, 262.) The actual perpetrator of an attempted murder is ineligible for section 1172.6 relief as a matter of law because he was not held liable for the acts of another perpetrator or

4

confederate.  (Cf. *People v. Cortes* (2022) 75 Cal.App.5th 198, 204; *People v. Hurtado* (2023) 89 Cal.App.5th 887, 893.)

A section 1172.6 petitioner must make a prima facie showing that he or she is entitled to relief.  (§ 1172.6, subd. (c).)  The California Supreme Court has explained that "the prima facie inquiry under [section 1172.6,] subdivision (c) is limited.  Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause." '  [Citations.]  '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' "  (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).)  At this stage, the trial court should also not engage in factfinding involving the weighing of evidence or the exercise of discretion.  (*Id.* at p. 972.)  " 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' "  (*Id.* at p. 971.)

In *Patton, supra*, 17 Cal.5th 549, our Supreme Court considered whether "a court, in determining at the prima facie stage whether a petitioner was convicted under a now-invalid theory, [may] rely on unchallenged, relief-foreclosing facts within a preliminary hearing transcript to refute conclusory, checkbox allegations."  (*Id.* at p. 564.)  The court held that a trial court could do so, and that this did not constitute improper judicial factfinding.  (*Ibid.*)

Patton had previously pled no contest to attempted murder without an admission of willfulness, premeditation, and deliberation.  (*Patton, supra*, 17 Cal.5th at pp. 557-558.)  Patton admitted to personally and intentionally discharging a firearm under section 12022.53, subdivision (c).  (*Patton*, at p. 558.)  When later petitioning for resentencing under section 1172.6, Patton submitted a pre-printed checkbox form indicating he was

5

entitled to relief under section 1172.6. (*Patton,* at p. 559.) The People opposed the petition. (*Id.* at pp. 559-560.) They argued the preliminary hearing transcript foreclosed relief because, based on evidence adduced at the hearing, Patton had pled guilty under a direct perpetrator theory. (*Id.* at p. 560.) At the preliminary hearing, a police officer (who was familiar with Patton from previous encounters) had identified Patton as the shooter in a surveillance video. (*Id.* at p. 557.) Patton did not file a reply brief. (*Id.* at p. 560.) The trial court denied Patton's section 1172.6 petition at the prima facie stage, explaining that, based on the unrebutted preliminary hearing transcript, it viewed defendant as the sole shooter who acted alone. (*Patton,* at p. 560.)

The Court of Appeal affirmed, explaining that, "[a]s the sole and actual perpetrator of the attempted murder . . . Patton is ineligible for resentencing as a matter of law." (*People v. Patton* (2023) 89 Cal.App.5th 649, 657.)

Our Supreme Court agreed that the trial court properly denied Patton's petition. It explained: "[A] petitioner who offers only conclusory allegations of entitlement to relief under section 1172.6, in response to a record of conviction that demonstrates the petitioner's conviction was under a still-valid theory, has not, thereby, made a prima facie showing." (*Patton, supra*, 17 Cal.5th at p. 557.) "[R]esolution of the prima facie inquiry in Patton's case did not call for resolution of a factual dispute . . . . Rather than resolving a contested factual dispute, statements within Patton's preliminary hearing transcript contributed specific factual assertions about his conviction—namely, that it was premised on him being the sole shooter." (*Id.* at pp. 568-569.)

"[P]etitioners confronting a record of conviction that demonstrates relief is unavailable have the burden of coming forward with nonconclusory allegations to alert the prosecution and the court to what issues an evidentiary hearing would entail. It follows . . . that should a trial court encounter a material fact dispute, the court may not resolve that dispute at the prima facie stage and should instead grant petitioner an evidentiary hearing, assuming relief is not otherwise foreclosed. [¶] A dispute regarding

6

the basis of a conviction might arise if, for instance, a petitioner points to specific facts that identify someone else as the direct perpetrator. . . . But absent specific facts, no such dispute arises . . . from mere latent, speculative possibilities; that is, a hypothetical alternate direct perpetrator cannot be conjured from thin air or a legal conclusion." (*Patton, supra*, 17 Cal.5th at p. 567.)

The circumstances of the present case are strikingly similar to those in *Patton*. As in *Patton*, defendant here pled no contest to attempted murder without premeditation and admitted to a firearm enhancement. Defendant also submitted a pre-printed checkbox form with conclusory allegations indicating he satisfied the statutory conditions for resentencing. The People, citing evidence from the preliminary hearing, argued defendant was not entitled to relief because he was the direct perpetrator of the attempted murder. And, like Patton, defendant did not respond with nonconclusory allegations.

The unrebutted preliminary hearing transcript here refutes the allegations made in defendant's section 1172.6 petition by demonstrating that defendant was the actual shooter in the attempted murder. Because defendant was the direct and sole perpetrator of the attempted murder, he is not "a person . . . convicted of attempted murder under the natural and probable consequences doctrine" and could still presently be convicted of attempted murder even after the legislative changes to murder liability. (Cf. *People v. Lovejoy* (2024) 101 Cal.App.5th 860, 865 ["[S]ection 1172.6 'applies by its terms only to attempted murders based on the natural and probable consequences doctrine' "].) The trial court did not err in denying defendant's section 1172.6 petition.

## DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is affirmed.


_____\s\_____,
Krause, J.

We concur:


\s\_____,
Earl, P. J.


\s\_____,
Boulware Eurie, J.